**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| In re: | Chapter 11 Cases |
| MCR Health, Inc., | Case No. 8:24-bk-06604-RCT |
| Debtor. _____/ | **(Joint Administration Pending)** |

**DEBTORS' MOTION SEEKING AUTHORITY TO USE CASH COLLATERAL**

Debtors, MCR Health, Inc. ("MCR Health") and AllCare Options, LLC (collectively, the "Debtors"), pursuant to 11 U.S.C. § 363, Fed. R. Bankr. P. 4001(b), and other applicable law, hereby moves for the entry or an order authorizing the use of cash collateral and, in support states as follows:

1. On November 8, 2024, the Debtors filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Cases"). The Debtors are continuing in possession of its property and are both operating and managing their businesses as a debtor-in-possessions pursuant to 11 U.S.C. §§ 1107 and 1108.

2. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (M).

3. For a detailed description of the Debtors and their operations, the Debtors respectfully refer this Court and parties in interest to their Chapter 11 Case Management Summary.

4. Pursuant to, *inter alia,* an Amended and Restated Loan Agreement dated December 8, 2023 between MCR Health and ServisFirst Bank, along with other security documents associated therewith, ServisFirst Bank may claim a lien upon or an interest in, among other things, substantially all of MCR Health's assets.

1

5. MCR Health owes approximately $11,891,602.67 million to ServisFirst Bank, which is secured by collateral the Debtors' estimate is valued at least $60 million.

6. Pursuant to 11 U.S.C. § 363(c)(2), the Debtors may use cash collateral if the Debtors obtain either: (i) the consent of each entity that has an interest in the cash collateral, or (ii) authority of this Court, after notice and a hearing.

7. The use of the cash collateral is essential to the Debtors' ongoing operations and reorganizational success, because such cash collateral is necessary to fund the Debtors' operational funding needs and administrative expenses.

8. Such continued operations will both preserve and protect the collateral and will maximize the value of the Debtors' assets to allow for a successful reorganization.

9. The Debtors intend to use the Cash Collateral solely for ordinary course operating expenses, administrative expenses of these bankruptcy cases, and any expenses outside the ordinary course of business if approved by this Court.

10. The Debtors have developed a short-term budget ("Budget") setting forth the ongoing operational and preservation expenses, a copy of which is forthcoming, which includes ongoing interest payments to ServisFirst Bank in the ordinary course.

11. The Debtors request a hearing as soon as this Court can reasonably accommodate.

12. The Debtors are prepared to offer, and does hereby offer ServisFirst Bank adequate protection as follows:

(i) Notwithstanding the provisions of 11 U.S.C. § 552(a), a lien on post-petition cash collateral, which lien shall be of the same extent, validity and priority, if any, that the Secured Lenders held prepetition. However, any order adopting this offer shall not

be construed as a determination as to the validity or priority of any liens on the cash collateral or any other tangible or intangible assets.

(ii) Use of the cash collateral solely for ordinary course operating expenses, within a reasonable variance consistent with a budget to be provided to Secured Creditors in advance of the hearing on this motion, together with such other expenses outside the ordinary course of Debtors' business as may be approved by the Court.

(iii) Providing Secured Creditors with periodic reports as to Debtor's income and expenses.

WHEREFORE, the Debtors respectfully request this Court enter an Order authorizing use of cash collateral in a manner consistent with the foregoing, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**SHUMAKER, LOOP & KENDRICK, LLP**

By: /s/ *Steven M. Berman*
STEVEN M. BERMAN, ESQ.
Fla. Bar No. 856290
sberman@shumaker.com
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
Phone: 813-229-7600
*Proposed counsel for the Debtors*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 8, 2024, a copy of the foregoing was served by CM/ECF service on all counsel of record and by U.S. Mail upon:

ServisFirst Bank
Attention: Gregory W. Bryant, CEO, West Central Florida
4221 West Boy Scout Boulevard, Suite 100
Tampa, Florida 33607

Office of the United States Trustee
501 E. Polk St., Suite 1200
Tampa, FL 33602

/s/ *Steven M. Berman*
Attorney